UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARRYL MCGORE,

        Plaintiff,

v.

TONY TRIERWEILER et al.,

        Defendants.

_____/

Case No. 1:17-cv-896

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Although Plaintiff has "three strikes," the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* because he has sufficiently alleged an imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against the unnamed prosecutor for failure to state a claim. The Court will order service of the complaint on the remaining defendants.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff sues IBC Warden Tony Trierweiler; Deputy Wardens Unknown McCauley and John Davids; and an unnamed Ionia County prosecutor identified as "John Doe" ("Unknown Party").

Plaintiff alleges that he was involved in an incident in 1975 leading to the stabbing death of Buut Crutcher. One of Crutcher's family members threatened to shoot Plaintiff following the incident. Plaintiff alleges that Crutcher's family is connected to several gangs with members in prison, including the Chicago Vice Lords and the East Side Bishops. Crutcher's family has allegedly sent word to fellow gang members in the MDOC to have Plaintiff stabbed or killed. Some members of those gangs are incarcerated at IBC. Plaintiff alleges that he is at risk of being stabbed. Plaintiff apparently requested protective custody, but the prison wardens and Inspector Wakefield denied his request. He also contends that prosecutor Kym Worthy wrote a letter in August 2017 urging IBC to provide protective custody to Plaintiff.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Defendants have denied him his Eighth Amendment rights by failing to protect him from a threat of violence. Construing his complaint generously, he alleges that Defendants Trierweiler, McCauley, and Davids denied his request for protective custody. However, Plaintiff does not make any allegations against the unnamed prosecutor. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See*

*Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint against that individual is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Unknown Party.

The Court finds that Plaintiff's allegations suffice to state a claim against the remaining defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Unknown Party, identified as "John Doe," will be dismissed for failure to state a claim. The Court will order service of the complaint on the remaining defendants. An Order consistent with this Opinion will be entered.

Dated: November 3, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge